UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

VAHRAM G.,[1]

Petitioner,

v.

TONYA ANDREWS, et al.,

Respondents.

No. 1:26-cv-03305-TLN-SCR

**ORDER**

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 9, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. (ECF No. 14.) Petitioner and Respondents have filed objections to the findings and recommendations. (ECF Nos. 15, 16.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including the objections, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

The Court declines to address Petitioner's additional claims which seek the same relief as his substantive due process claim in favor of judicial economy.

Respondents object to the magistrate judge's recommendation for the parties to meet and confer as to proposed conditions of release. The Court revises the injunction as follows below.

Accordingly, IT IS HEREBY ORDERED:

1. The findings and recommendations (ECF No. 14) are adopted in part (with revisions to conditions of release and permanent injunction);

2. The Petition for Writ of Habeas Corpus is GRANTED on Count 5 (substantive due process);

3. **Within two days of the date of this Order**, Respondents shall release Petitioner under GPS location monitoring, enrolled in the Intensive Supervision Appearance Program, under the supervision of periodic home check-ins. Respondents may impose additional conditions of release for the purpose of ensuring public safety so long as those terms, and consequences of violating those terms, are communicated to Petitioner and his counsel in writing in advance of imposition.

4. Respondents may re-detain Petitioner: (1) if Petitioner violates the conditions of his release and Respondents provide Petitioner notice and an opportunity to be heard as to the alleged violations, and (2) if Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

5. The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

DATE: August 14, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE